IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VILLAS AT PARKSIDE PARTNERS d/b/a VILLAS AT PARKSIDE, et al., Plaintiffs, | § | |
| v. | § | Civil Action No. 3:06-CV-2371-L (consolidated with CA No. 3:06-CV-2376-L and CA No. 3:07-CV-0061-L) |
| THE CITY OF FARMERS BRANCH, Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Motion of Federation of American Immigration Reform, Inc. for Leave to Intervene as Defendant and to File an Answer, filed January 26, 2007; (2) Defendant City of Farmers Branch's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss [Barrientos Plaintiffs' Complaint], filed March 8, 2007; (3) [Villas] Plaintiffs' Unopposed Motion to Enlarge Time to Respond to Defendant's Motion to Dismiss, filed April 17, 2007; (4) [Barrientos] Plaintiffs' Motion for Leave to File Amended Complaint, filed May 23, 2007; (5) [Barrientos] Plaintiffs' Motion for Leave to Amend Application for Injunctive Relief, filed May 23, 2007; and (6) Motion to Withdraw as Counsel, filed June 1, 2007. After careful consideration of the motions, responses, replies, record, and applicable law, the court **denies** Motion of Federation of American Immigration Reform, Inc. for Leave to Intervene as Defendant and to File an Answer, **grants** [Barrientos] Plaintiffs' Motion for Leave to File Amended Complaint**, grants** Defendant City of Farmers Branch's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, **grants** [Villas] Plaintiffs' Unopposed Motion to Enlarge Time to Respond to Defendant's Motion to Dismiss, **denies as moot** [Barrientos] Plaintiffs' Motion for Leave to Amend Application for Injunctive Relief, and **grants** Motion to Withdraw as Counsel.

## I. Procedural and Factual Background

The court described the factual background of Farmers Branch Ordinance 2903 (the "Ordinance") in its memorandum opinion and order granting temporary restraining order, entered May 21, 2007. The court therefore incorporates its earlier order insofar as the factual background of the Ordinance and procedural history of this case are described.

The Federation for American Immigration Reform, Inc. ("FAIR") has moved to intervene as a defendant in this case. FAIR describes itself as a "national, nonprofit, public-interest, membership organization incorporated as a public charity." FAIR Mot. 4, § III(1). FAIR states that it represents more than 200,000 members, including more than 1,200 who reside in Dallas County, including members "domiciled in Farmers Branch." *Id*. § III(2). These FAIR members who live in Farmers Branch also allegedly "own and rent property in Farmers Branch and are direct intended beneficiaries of the Ordinance." *Id*. FAIR moves the court to intervene as a matter of right, or alternatively, pursuant to permissive intervention.

Also before the court is the city of Farmers Branch's motions to dismiss the Barrientos Plaintiffs' complaint. The city argues that Plaintiffs lack standing, that their claims are moot, and that Plaintiffs have failed to state claims upon which relief can be granted. While some of Defendant's arguments have been made moot by the passage of the Ordinance, the May 12, 2007 Farmers Branch election approving the Ordinance, and the Barrientos Plaintiffs' filing of an amended complaint, the city's arguments regarding Plaintiffs' standing and failure to state a claim remain before the court.

## II. FAIR's Motion to Intervene

### A. Legal Standards

A party may intervene in a lawsuit as of right if: (1) the intervention is timely; (2) the party has an interest in the subject matter of the action; (3) the disposition of the case may impair or impede the party's ability to protect that interest; and (4) the party is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). "Although failure to satisfy any one element precludes the applicant's right to intervene, . . . the inquiry under section (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application[.]" *Ross v. Marshall,* 426 F.3d 745, 753 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 1125 (2007) (internal citation and quotation omitted); *see also Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1995) ("Federal courts should allow intervention where no one would be hurt and greater justice could be obtained."). A party may also intervene in a lawsuit by permission of the court, "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law and fact in common." Fed. R. Civ. P. 24(b)(2).

### B. Analysis

FAIR moved to intervene in the *Vasquez* case on January 26, 2007, prior to the court's consolidation of the three cases on April 18, 2007. The Vasquez Plaintiffs oppose FAIR's intervention. FAIR argues that is entitled to intervene in this action, both as a matter of right and permissively. Plaintiffs counter that FAIR's intervention fails to meet three of the elements under Rule 24(a)(2) and that FAIR should not be allowed to permissively intervene.

**1. Intervention of Right**

The court considers first whether FAIR has satisfied Rule 24(a). Neither FAIR nor Plaintiffs dispute that FAIR's motion to intervene was timely, therefore the court considers whether the other three elements of Rule 24(a) are met.

The court turns first to whether FAIR can satisfy the second element under Rule 24(a), whether it has "an interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a). FAIR argues that its interest in this action is "[t]he timely implementation of the Ordinance as enacted" and that "[t]he mere existence of the Ordinance greatly benefits FAIR members." FAIR Mot. 6 § IV(B)(1)-(2). FAIR also argues that if Plaintiffs are successful, "FAIR members' fundamental property rights and local public benefits and services, as well as privileges and immunities protected by the Supremacy Clause and the Fourteenth Amendment . . . will be infringed and impermissibly restricted." *Id*. § IV(B)(3). Plaintiffs argue that FAIR's asserted interest in this litigation is vague and fails to meet the Fifth Circuit Court of Appeal's requirement that the proposed intervenor's interest is "direct, substantial [and] legally protectable." *Doe v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001) (brackets in original).

An intervenor's interest must "be one which the *substantive* law recognizes as belonging to or being owned by the applicant. In addition, the intervenor should be the real party in interest regarding his claim." *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir.), *cert. denied*, 543 U.S. 820 (2004) (internal citations and quotations omitted) (emphasis in original). The court has also noted that this requirement "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Espy*, 18 F.3d at 1207 (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992)).

The court determines that FAIR lacks an interest recognized under Rule 24(a) in this action. FAIR's interest, on behalf of its members, in the enforcement of the Ordinance is similar to the interest alleged by putative intervenors in *Johnson v. City of Dallas*, 155 F.R.D. 581 (N.D. Tex. 1994). In that case, involving the constitutionality of an ordinances relating to the homeless, certain business associations moved to intervene after the court preliminarily enjoined enforcement of the ordinances. *Id*. at 583. In *Johnson*, the intervenors argued that the injunction of the ordinance adversely affected their business interests. *Id*. The court rejected the motion to intervene, however, noting that "[u]nder Movants' conception of the interest requirement, the number of those allowed to intervene of right would be virtually unbounded. . . . Who in the whole city would not have an interest in such enforcement and therefore right to intervene under Movants' formulation?" *Id*. at 584.

FAIR disputes that *Johnson* is analogous; it agues that it has a "policy interest in the litigation that is directly and substantially related to its fundamental organizational purpose, i.e. to end illegal immigration in the United States." FAIR Reply 4. Despite FAIR's avowed policy purposes, however, the court finds that granting FAIR's motion would indeed open the floodgates, as envisioned by the court in *Johnson*. If FAIR was allowed to intervene in this case, then any citizen of Farmers Branch, and even those outside the city, would arguably have a right to intervene in the case. Given the Fifth Circuit Court of Appeals' description of the "interest" requirement, in part, as a "practical guide" to determining whether a party may intervene, the court determines that FAIR's articulated interest fails to meet the second requirement of Rule 24(a).

FAIR's proposed intervention also fails to establish the third element of Rule 24(a), that the disposition of the case may impair or impede the party's ability to protect that interest. FAIR argues

that the *stare decisis* effect of the court's decision will harm its organizational purpose of ending illegal immigration in this country. The "*stare decisis* effect of an adverse judgment constitutes a sufficient impairment to compel intervention," *Sierra Club v. Glickman*, 82 F.3d 106, 109-110 (5th Cir. 1996) (hereinafter, "*Glickman*") (citing *Espy*, 18 F.3d at 1207)). Where the court has found that the *stare decisis* effect mandated intervention, however, the interest impaired by the court's decision was much more specifically defined. For example, in *Glickman*, the court's decision would have been precedent in suits involving existing contractual rights held by the intervenors. *Id*. at 110. Similarly, in *Espy*, the intervenors had existing contracts that may have been affected by the court's decision in the case in which intervenors sought to intervene. 18 F.3d at 1206-1207.

Here, the court's decision will be limited to the constitutionality and effect of a specific ordinance passed by one city and potentially enforceable only within its borders. While the court's decision may be construed as precedent by other courts considering similar ordinances, there is no specific *stare decisis* effect of the court's decision that will hamper FAIR's organizational goal of ending illegal immigration. Accordingly, FAIR has failed to establish the third element under Rule 24(a).

Finally, the court considers whether FAIR has shown that the city of Farmers Branch will adequately represent FAIR's interests without its intervention. Fed. R. Civ. P. 24(a). FAIR argues that the city lacks the financial resources to defend the Ordinance, and that the lawsuit will cost the city hundreds of thousands of dollars. FAIR Mot. 7 § IV(D)(1). FAIR also alleges that the city is an inadequate representative of FAIR because FAIR's objections are "more complex and wider in scope than those of the City itself." *Id*. § IV(D)(3). FAIR also argues that an amicus brief would be insufficient to represent its interests. Plaintiffs argue that the city and FAIR's interest in this

lawsuit are identical, and that FAIR has failed to demonstrate that the city is an inadequate representative.

While it is true that the Fifth Circuit Court of Appeals has held that the showing of inadequate representation need only be "minimal," *Doe*, 256 F.3d at 380, the court has also held that "representation is presumed adequate unless the applicant alleges that the representatives engaged in collusion, nonfeasance, or had an interest antagonistic to his." *Baker v. Wade*, 743 F.2d 236, 240 (5th Cir. 1984). A presumption of adequate representation arises where "the party seeking intervention has the same ultimate objective as a party to the suit" and "when the representative is a governmental body or officer charged by law with representing the interests of the absentee." *Id*. at 240-241.

The court also notes that while FAIR contends that it cannot represent its interest by filing amicus curiae briefs with the court, in this case, as in *Johnson*, the "issues are primarily legal . . . [and] Movants could adequately voice whatever concerns to the Court they have by appearing as amici rather than intervenors." 155 F.R.D. at 586. FAIR may seek leave to file amicus briefs with the court, and the court determines that acting as amicus would preserve FAIR's interest in the lawsuit without adding more parties to the case:

> Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceedings a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.

*Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).

The court concludes that Defendant adequately represents the interests of FAIR; despite any associational policy goals of FAIR, both FAIR and the city of Farmers Branch seek to uphold and enforce the specific ordinance passed by the City Council of Farmers Branch and potentially enforceable in Farmers Branch. While FAIR argues that the city lacks financial resources, without more, the court does not determine that this is enough to overcome the presumption that the city can defend its interests and those of its residents. The city did not respond to FAIR's motion seeking assistance and the city's interests certainly have been represented adequately thus far by its highly competent counsel. FAIR has not alleged any collusion or nonfeasance, or that the city has an interest antagonistic to it. The court concludes that FAIR is not entitled to intervene of right pursuant to Rule 24(a).

**2. Permissive Intervention**

The court now considers whether FAIR may intervene permissively, pursuant to Rule 24(b). The rule allows permissive intervention "when an applicant's claim or defense and the main action have a question of law and fact in common." Fed. R. Civ. P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id*. Plaintiffs do not dispute that FAIR's defenses would have a "question of law and fact in common" with the main action.

The court concludes that the permissive intervention of FAIR would unduly delay this action and that the city can adequately defend the Ordinance and address the pertinent legal issues before the court. In *Ingebretsen v. Jackson Public School District*, the court held that "denial of permissive intervention was also appropriate because the Proposed Intervenors bring no new issues to the action." 88 F.3d 274, 281 (5th Cir.), *cert. denied*, 519 U.S. 965 (1996). The court concludes that

such a result is warranted here, where it is unlikely that FAIR will bring additional issues to the litigation. Moreover, the addition of FAIR will unnecessarily delay the proceedings and multiply the filings and time required by the court to consider this case. Where intervention would "unduly delay the proceedings," *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir.), *cert. denied*, 484 U.S. 817 (1987), denying a motion for permissive intervention is appropriate. Accordingly, the court concludes that FAIR may not permissively intervene in this case and **denies** FAIR's motion to intervene.

## III. Barrientos Plaintiffs' Motion for Leave to File Amended Complaint

The Barrientos Plaintiffs filed a motion for leave to file an amended complaint on May 23, 2007. The Barrientos Plaintiffs had filed their First Amended Complaint on May 22, 2007. Plaintiffs are entitled pursuant to Rule 15(a) to amend once as a matter of course before a responsive pleading is served and their First Amended Complaint was filed before any answer by Defendant. Accordingly, their motion is **granted**.

## IV. Motion to Dismiss Barrientos Plaintiffs' Complaint

### A. Legal Standards

#### 1. Rule 12(b)(1) – Dismissal for Lack of Standing

Federal courts are courts of limited jurisdiction, and "have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). Because the question of standing implicates the court's subject matter jurisdiction, that is, the court's statutory or constitutional power to adjudicate a claim or dispute, *see Steel Co. v.*

*Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998); *Allen*, 468 U.S. at 751, the court applies the standards for a motion to dismiss pursuant to Rule 12(b)(1).

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. *See* Fed. R. Civ. P. 12(b)(1). A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *See Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, a federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 122 S.Ct. 1059 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Uncontroverted allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

**2. Rule 12(b)(6) - Dismissal for Failure to State a Claim**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find

inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**B. Analysis**

The city moved to dismiss the Barrientos Complaint arguing that the allegations regarding repealed Ordinance 2892 are moot, that Plaintiffs lack standing, and that Plaintiffs have failed to state a claim upon which relief can be granted. The Barrientos Plaintiffs subsequently filed their First Amended Complaint on May 22, 2007, alleging claims based upon Ordinance 2903.

The court first considers whether Defendant's motion should be denied as moot because the Barrientos Plaintiffs have filed an amended complaint. As Wright, Miller, and Kane have noted:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading. . . . To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1476. Defendant appears to consider its motion pending, as it filed its reply after the Barrientos Plaintiffs filed their First Amended Complaint. The issue of standing equally applies whether the court considers the original Complaint or the First Amended Complaint. Therefore, the court considers the city's motion in light of the live pleading, the Barrientos Plaintiffs' First Amended Complaint.

**1. Mootness**

The city argued that the Barrientos Complaint was moot because the Complaint was based upon Ordinance 2892, which was repealed by the Farmers Branch City Council. The city also argued that any claims based upon Ordinance 2903 were moot because the Complaint and the motion to dismiss were filed prior to the May 12, 2007 election on Ordinance 2903. Plaintiffs' First Amended Complaint is not moot for these reasons. The First Amended Complaint bases its claims upon Ordinance 2903, and the May 12, 2007 election has occurred. Accordingly, the Barrientos Plaintiffs' First Amended Complaint is not moot for the reasons articulated by the city in its motion to dismiss.

**2. Standing**

The city also moved to dismiss the Barrientos Complaint because Plaintiffs lack standing to assert their claims. Defendant argues that Plaintiffs cannot rest their standing on the legal rights of third parties, that any damage to Plaintiffs is entirely speculative, and that they cannot show the requisite causation of any injury. While the city's argument initially was based in part on the fact that Plaintiffs' claims were based on Ordinance 2892, the court determines that the city has also raised the question of whether these plaintiffs have standing to assert claims because they are not subject to either Ordinance 2892 or Ordinance 2903. Regardless of whether the issue is made moot by the filing of the First Amended Complaint, however, the court may consider the Plaintiffs' standing *sua sponte*. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). "The three elements of Article III standing are: 1) injury, 2) causation, and 3) redressability." *Bauer*, 341 F.3d at 357. Defendant argues that the Barrientos Plaintiffs cannot show either injury or causation.

Plaintiffs "operate retail businesses in Farmers Branch." Barrientos First Am. Compl. ¶ 33. Plaintiffs do not allege that they are tenants or property owners or managers in Farmers Branch. Plaintiffs allege that they "have suffered loss of business, and unless and until such controversy and the rights and legal relations of the parties are judicially determined, adjudicated and declared in this action, Plaintiffs will continue to suffer business losses until they fail completely." *Id*. ¶ 3. Plaintiffs contend that the Ordinance affects their businesses by "remov[ing]" and "frighten[ing]" their "immigrant clientele" out of Farmers Branch. *Id*. ¶ 36. Plaintiffs allege that their "businesses are doomed to fail, but not from anything they did or controlled. . . . Plaintiffs also face the risk of immigration status review with the clause within the New Ordinance that allows the extension of the New Ordinance to other property rights, which would included commercial leases." *Id*. Plaintiffs allege violation of the Supremacy Clause, Equal Protection, procedural due process, and 42 USC § 1981.

**a. Injury**

Defendant argues that the Barrientos Plaintiffs cannot be injured by the enforcement of the Ordinance because their claims rest upon the legal rights of third parties. "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights. As a general rule, if there is no constitutional defect in the application of a statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations." *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 154-155 (1979). Defendant argues that as business owners in Farmers Branch, Plaintiffs lack standing to argue that the Ordinance is unconstitutional because the Ordinance will not be applied to them.

Plaintiffs respond that their businesses have been injured and will continue to face injury, and that the Ordinance may be expanded to include commercial leases.

Plaintiffs cite several cases in support of their argument that they have standing. The court finds, however, that these cases actually support the conclusion that Plaintiffs lack standing. In *Lujan v. Defenders of Wildlife*, the Supreme Court concluded that plaintiffs lacked standing, noting that "when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily substantially more difficult to establish." 504 U.S. 555, 562 (1992). Plaintiffs also rely upon and attempt to distinguish *Warth v. Seldin*, 422 U.S. 490 (1975). In that case, the Court held that none of the plaintiffs had standing to assert claims based upon a zoning ordinance that allegedly excluded certain lower-income individuals from living in a town. *Id*. at 493. In *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville, Florida*, relied upon by Plaintiffs, the contractor plaintiffs were found to have standing to challenge an ordinance that allowed preferential treatment in the award of city contracts to minority-owned businesses. 508 U.S. 656, 658 (1993). In that case, the actual application of the ordinance could have caused a direct harm to plaintiffs because it related to city contracts they sought. *Id*. at 666. Finally, *Pierce v. Society of the Sisters of the Holy Names*, 268 U.S. 510 (1925), is also distinguishable. In that case, plaintiffs, private schools, obtained an injunction to prevent the state of Oregon from enforcing a law that would have required parents to send their children to public schools. *Id*. at 529-530. As in *Northeastern Florida*, the plaintiffs in *Pierce* were directly affected by the challenged law.

The court determines that the Barrientos Plaintiffs have failed to establish an injury pursuant to Article III. First, the Ordinance potentially affects only tenants and property owners and

managers of certain apartment complexes in Farmers Branch. Any injury to the Barrientos Plaintiffs' businesses or any future expansion of the Ordinance are injuries that are too hypothetical or speculative to allow for their standing to challenge the Ordinance. To have standing, plaintiffs must show that they "have suffered an injury in fact– an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Cole v. General Motors Corp.*, ___ F.3d ___, 2007 WL 1054697, *4 (5th Cir. Apr. 10, 2007) (internal quotations omitted) (quoting *Lujan*, 504 U.S. at 560). Here, the Ordinance does not have any direct effect on the Barrientos Plaintiffs; its application to tenants and property owners and managers may have some tangential effect on their businesses. "Federal courts consistently deny standing when claimed anticipated injury has not been shown to be more than uncertain potentiality." *Prestage Farms, Inc. v. Board of Sup'rs of Noxubee County, Mississippi*, 205 F.3d 265, 268 (5th Cir. 2000).

**b. Causation**

Even if the Barrientos Plaintiffs have alleged an injury sufficient for Article III standing, they have failed to establish the requisite causal nexus between the Ordinance and their alleged injury. Defendant argues that Plaintiffs' injuries are entirely speculative, and that any loss to their businesses could have alternative causes, including groups calling for the boycott of Farmers Branch businesses, the qualities of goods and services provided by Plaintiffs, Plaintiffs' management of their businesses, or other unrelated economic issues. Def.'s Mot. 5 n.2. Plaintiffs do not separately address the causation requirement in their response.

Plaintiffs must draw "the line of causation between [defendant's] actions and [plaintiffs'] injury." *Warth*, 422 U.S. at 509. The court concludes that the Barrientos Plaintiffs have failed to

draw such a line. While their First Amended Complaint does allege that the Ordinance has frightened their clients away from Farmers Branch, and alleges that the Ordinance may be subsequently expanded to affect commercial leases, the court does not see the causal nexus between an Ordinance that affects landlord-tenant relationships and Plaintiffs' business success in Farmers Branch. Accordingly, because the Barrientos Plaintiffs lack standing, the court **grants** Defendant's motion to dismiss, and does not consider the other arguments raised by the city.

## V. Other Motions

The Villas Plaintiffs filed an unopposed motion to enlarge time to respond to Defendant's motion to dismiss. The court **grants** this motion. Plaintiffs sought leave to file their response by April 24, 2007, and filed their response on that date. Accordingly, their response is deemed timely filed.

The Barrientos Plaintiffs seek leave to file an amended application for injunctive relief. Because the court has granted Defendant's motion to dismiss their complaint, this motion for leave is **denied as moot**.

Finally, attorney Katharine J. Caplan moves to withdraw as counsel of record on behalf of the Vasquez Plaintiffs because she has left the law firm of Weil, Gotshal & Manges LLP. The court **grants** the motion to withdraw as counsel and Katharine J. Caplan is relieved of any responsibility to the Vasquez Plaintiffs in this action.

## VI. Conclusion

For the reasons stated herein, the court **denies** Motion of Federation of American Immigration Reform, Inc. for Leave to Intervene as Defendant and to File an Answer, **grants** [Barrientos] Plaintiffs' Motion for Leave to File Amended Complaint**, grants** Defendant City of

Farmers Branch's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, **grants** [Villas] Plaintiffs' Unopposed Motion to Enlarge Time to Respond to Defendant's Motion to Dismiss, **denies as moot** [Barrientos] Plaintiffs' Motion for Leave to Amend Application for Injunctive Relief, and **grants** Motion to Withdraw as Counsel.

**It is so ordered** this 1st day of June, 2007.

Sam A. Lindsay
United States District Judge