IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VILLAS AT PARKSIDE PARTNERS** | § | |
| **d/b/a VILLAS AT PARKSIDE, et al.**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-2371-L** |
| | § | (consolidated with CA No. 3:06-CV-2376-L |
| **THE CITY OF FARMERS BRANCH**, | § | and CA No. 3:07-CV-0061-L) |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court are: (1) Defendant City of Farmers Branch's Rule 12(b)(1) and 12(b)(6)

Motion to Dismiss [Villas Plaintiffs' Second Amended Complaint], filed March 28, 2007; and (2)

Defendant City of Farmers Branch, Texas' Motion to Dismiss [Vasquez Plaintiffs' First Amended

Complaint] for Plaintiffs' Failure to State a Claim and Lack of Subject Matter Jurisdiction, filed

April 13, 2007. After careful consideration of the motions, responses, replies, record, and applicable

law, the court **denies without prejudice** Defendant City of Farmers Branch's Rule 12(b)(1) and

12(b)(6) Motion to Dismiss [Villas Plaintiffs' Second Amended Complaint], and **denies without**

**prejudice** Defendant City of Farmers Branch, Texas' Motion to Dismiss [Vasquez Plaintiffs' First

Amended Complaint] for Plaintiffs' Failure to State a Claim and Lack of Subject Matter Jurisdiction.

**I.      Procedural and Factual Background**

This case concerns  Farmers Branch Ordinance 2903 (the "Ordinance"), and a detailed

factual history may be found in the court's memorandum opinion and order granting temporary

restraining order, entered May 21, 2007, and memorandum opinion and order granting preliminary

injunction, entered June 19, 2007.  The court incorporates its earlier orders insofar as the factual

background of the Ordinance and procedural history of this case are described.

Before the court are the city of Farmers Branch's motions to dismiss the complaints of the

Villas Plaintiffs and the Vasquez Plaintiffs.  A third group of plaintiffs, the Barrientos Plaintiffs, was

dismissed for lack of standing on June 1, 2007.  The city argues that the remaining Plaintiffs lack

standing, that their claims are moot, and that Plaintiffs have failed to state claims upon which relief

can be granted.

## II.    Legal Standards

### A.    Rule 12(b)(1) – Dismissal for Lack of Standing

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and

'controversies'."  *Allen v. Wright,* 468 U.S. 737, 750 (1984).  Because the question of standing

implicates the court's subject matter jurisdiction, that is, the court's statutory or constitutional power

to adjudicate a claim or dispute, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998);

*Allen,* 468 U.S. at 751, the court applies the standards for a motion to dismiss pursuant to Rule

12(b)(1).

A federal court has subject matter jurisdiction over cases "arising under" the Constitution,

laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000,

exclusive of interest and costs, and diversity of citizenship exists between the parties.  28 U.S.C. §§

1331, 1332.   Federal courts are courts of limited jurisdiction and must have statutory or

constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143

F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they

lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is

lacking.  *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing

*Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court has an

independent duty, at any level of the proceedings, to determine whether it properly has subject

matter jurisdiction over a case.  *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)

("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the

highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may

raise subject matter jurisdiction *sua sponte*").

    In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a

court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts

evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424

(5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388,

1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark

v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint,

however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B.      Rule 12(b)(6) - Dismissal for Failure to State a Claim

    A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with

disfavor and is rarely granted."  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which

relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.  *Lowrey*, 117 F.3d at 247.  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.     Defendant's Motions to Dismiss

#### A.     Villas Plaintiffs

The city has moved to dismiss the Villas Plaintiffs' Second Amended Complaint, arguing that the Villas Plaintiffs' claims are moot, that they lack standing, that their complaint fails to state a claim upon which relief can be granted, and that the city is immune from Plaintiffs' claims under the Texas Local Government Code.  The Villas Plaintiffs filed their Second Amended Complaint on March 9, 2007, after the adoption of the Ordinance by the Farmers Branch City Council but before the May 12, 2007 referendum election.

#### 1.     Mootness

The city's argument that the Villas Plaintiffs' claims are moot is based upon Plaintiffs' complaint being filed prior to the May 12, 2007 election.  The voters' approval of the Ordinance has removed any argument that Plaintiffs' claims are hypothetical.  The city would have begun enforcing the Ordinance on May 22, 2007 had the court denied the applications for temporary restraining order on May 21, 2007.  Accordingly, the court determines that Plaintiffs' claims are not moot.

#### 2.     Standing

To have standing, Plaintiffs must show that they "have suffered an injury in fact– an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Cole v. General Motors Corp.*, 484 F.3d 717, 722 (5th Cir. 2007) (internal quotations omitted) (quoting *Lujan*, 504 U.S. at 560).   Defendant argues that the Villas Plaintiffs cannot establish an injury or causation.

The Villas Plaintiffs are three Texas partnerships that own and operate apartment complexes in Farmers Branch.  Villas Sec. Am. Compl. ¶¶ 1-3.  As property owners and managers, Plaintiffs

are subject to the criminal sanctions of the Ordinance.  *Id.* ¶ 42.  The court has already determined that the Villas Plaintiffs faced irreparable injury from the enforcement and effective date of the Ordinance.  Thus, the Villas Plaintiffs satisfy the "injury" requirement.

Plaintiffs must draw "the line of causation between [defendant's] actions and [plaintiffs'] injury."  *Warth v. Seldin*, 422 U.S. 490, 509 (1975).  The Villas Plaintiffs have alleged that the Ordinance will impede their ability to lease their apartments and will subject them to fines and criminal penalties for their failure to comply.  Villas Sec. Am. Compl. ¶ 42.  Because their threatened injury is a direct consequence of the Ordinance, they have drawn a line between Defendant's actions and their threatened injury sufficient to confer standing.  Accordingly, the Villas Plaintiffs' rights are directly affected by the Ordinance, and they have standing to bring claims based upon the threatened enforcement of the Ordinance.  *County Court of Ulster County*, *New York v. Allen*, 442 U.S. 140, 154-155 (1979).

### 3.      Failure to State a Claim

Defendant argues that the Villas Plaintiffs' Second Amended Complaint should be dismissed for failure to state a claim because the Ordinance was not in effect when Plaintiffs filed their complaint and Plaintiffs therefore could not sustain any damages.  Because the referendum election has occurred and the Ordinance has been approved by the voters of Farmers Branch, the court finds that this argument is moot.  Any argument that Plaintiffs have failed to allege damages has also been addressed by the court in its orders granting the applications for temporary restraining order and preliminary injunction finding that the Villas Plaintiffs have established the threat of irreparable harm.

### 4.      Immunity for Texas Local Government Code Claim

Finally, Defendant argues that the Villas Plaintiffs' claim under section 214.903 of the Texas Local Government Code should be dismissed.  Plaintiffs allege that the Ordinance violates section 214.903, which provides:    "The governing body of a municipality may adopt fair housing ordinances that provide fair housing rights, compliance duties, and remedies that are substantially equivalent to those granted under federal law." Tex. Loc. Govt. Code § 214.903.  Plaintiffs contend that the Ordinance goes beyond federal fair housing law by requiring proof of citizenship or immigration status, and seek a declaration that the Ordinance is invalid and preliminary and permanent injunction of its enforcement.  Villas Sec. Am. Compl. ¶ 75.  Defendant argues that it has sovereign immunity as to this claim.

Because Plaintiffs seek declaratory and injunctive relief on this count, the doctrine of governmental immunity is not implicated, as held by an appellate court in one of the cases cited by the city.  *Fort Bend County v. Martin-Simon*, 177 S.W.3d 479, 484 (Tex. App. – Houston [1st Dist.] 2005, no pet.) ("[T]he Texas Supreme Court has noted that certain declaratory judgment actions do not implicate the doctrine of governmental immunity. . . .  The governmental immunity doctrine is not implicated in such actions because they do not attempt to subject the State to liability.").  Because the Villas Plaintiffs only seek declaratory and injunctive relief, this claim is not barred by sovereign immunity.   Accordingly, the court **denies without prejudice** Defendant's motion to dismiss the Villas Plaintiffs' Second Amended Complaint.

### B.    Vasquez Plaintiffs

The city also has moved to dismiss the Vasquez Plaintiffs' First Amended Complaint, arguing that Plaintiffs lack standing and that they have failed to state a claim upon which relief can be granted.  This motion to dismiss was filed before the May 12, 2007 referendum election.

### 1.    Standing

The Vasquez Plaintiffs include both apartment tenants in Farmers Branch and the owners and property managers of apartment complexes in Farmers Branch.  Vasquez First Am. Compl. ¶¶ 7-21. The landlord plaintiffs allege that they are subject to criminal conviction and civil sanctions for their failure to comply with the Ordinance, and that the Ordinance will cause them to lose substantial business.  *Id*. ¶¶ 19- 21.  The tenant Plaintiffs are U.S. citizens or legal permanent residents who live with family members who are neither U.S. citizens nor resident aliens.  *Id*. ¶¶ 7-15.  They allege that the Ordinance will cause them irreparable harm by causing them to lose their homes and to separate from family members.  *Id*. ¶ 15.  The court has already determined that the Vasquez Plaintiffs faced irreparable injury from the enforcement and effective date of the Ordinance.  Thus, the Villas Plaintiffs have satisfactorily pleaded an "injury."  The causation requirement is also satisfied because the pleaded injuries would be caused directly by the enforcement of the Ordinance. Accordingly, the court determines that the Vasquez Plaintiffs have standing.

### 2.    Failure to State a Claim

The city also moves to dismiss each of the Vasquez Plaintiffs' claims for failure to state a claim upon which relief can be granted.  The court, based upon the rulings already made in this case, **denies** the motion as to Plaintiffs' claims under the Supremacy Clause and the Due Process Clause.

Because the Ordinance has been preliminarily enjoined, the court **denies without prejudice** the remainder of the city's motion.

## IV.    Conclusion

For the reasons stated herein, the court **denies without prejudice** Defendant City of Farmers Branch's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss [Villas Plaintiffs' Second Amended Complaint], and **denies without prejudice** Defendant City of Farmers Branch, Texas' Motion to Dismiss [Vasquez Plaintiffs' First Amended Complaint] for Plaintiffs' Failure to State a Claim and Lack of Subject Matter Jurisdiction.

**It is so ordered** this 26th day of June, 2007.

Sam A. Lindsay
United States District Judge