IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VILLAS AT PARKSIDE PARTNERS** d/b/a **VILLAS AT PARKSIDE, et al.**, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:06-CV-2371-L** (consolidated with CA No. 3:06-CV-2376-L |
| **THE CITY OF FARMERS BRANCH**, | § § | and CA No. 3:07-CV-0061-L) |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendants' Motion to Dismiss Villas Plaintiffs' Claims for Compensatory Damages, filed August 31, 2007; (2) Defendants' Motion to Strike Plaintiffs' Response in Opposition, filed October 9, 2007; and (3) Plaintiffs' Motion for Enlargement of Time to File Their Response to Defendant's Motion to Dismiss Villas Plaintiffs' Claims for Compensatory Damages, filed October 19, 2007. After carefully considering the motions, briefing, record, and applicable law, the court **grants** Defendants' Motion to Dismiss Villas Plaintiffs' Claims for Compensatory Damages, **denies** Defendants' Motion to Strike Plaintiffs' Response in Opposition, and **grants** Plaintiffs' Motion for Enlargement of Time to File Their Response to Defendant's Motion to Dismiss Villas Plaintiffs' Claims for Compensatory Damages.

**I.    Factual and Procedural Background**

This case involves a challenge to Ordinance 2903, an ordinance enacted by the City of Farmers Branch, Texas, approved by the voters of Farmers Branch, and preliminarily enjoined by the court. The court has set out the factual and procedural background of the Ordinance and its history in its May 21, 2007 Memorandum Opinion and Order Granting Temporary Restraining

**Memorandum Opinion and Order – Page 1**

Order and its June 19, 2007 Memorandum Opinion and Order Granting Preliminary Injunction. Rather than repeat that background, the court incorporates the factual and procedural background in those orders and assumes familiarity with the history of this litigation. The court notes, however, that Ordinance 2903 has never gone into effect or been enforced. The Ordinance was temporarily restrained on May 21, 2007, one day before its effective date of May 22, 2007. The court thereafter entered a preliminary injunction preventing the Ordinance from going into effect or being enforced. The preliminary injunction remains in place.

Defendant City of Farmers Branch[1] now moves to dismiss certain claims for compensatory damages brought by Plaintiffs Villas at Parkside Partners d/b/a Villas at Parkside, Lakeview at Parkside Partners, Ltd. d/b/a Lakeview at Parkside, and Chateau Ritz Partners d/b/a Chateau de Ville (collectively, "Plaintiffs").[2] The Villas Plaintiffs have pleaded that they have been damaged "[s]ince enactment of the Original Ordinance" by "loss of leases with new tenants and renewals of leases with existing tenants." 2d Am. Compl. ¶ 35 (hereinafter, "Complaint"). They allege that apartment occupancy in Farmers Branch dropped by ten percent in the quarter following the Original Ordinance. *Id.* ¶ 36. They contend that they are "entitled to recover damages to compensate them for the injuries they have sustained as a result of the City's enactments of the unlawful Original

---

[1] The caption and title of the briefs submitted by the City of Farmers Branch also include Defendants Bob Phelps, Tim O'Hare, Bill Moses, Charlie Bird, James Smith, Ben Robinson, and Jim Olk in their official capacities. While these individuals were originally included as Defendants in the Villas Plaintiffs' Original Complaint filed December 22, 2006, they subsequently were omitted as parties in the Villas Plaintiffs' Second Amended Complaint, filed March 9, 2007. Accordingly, the court refers only to the single remaining Defendant, the City of Farmers Branch. Moreover, the suit against the individual Defendants in their official capacities is treated as a suit against the City of Farmers Branch, the governmental entity of which they are agents, employees, or officials. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir.), *cert. denied*, 519 U.S. 948 (1996). To the extent that the individual Defendants are sued in their official capacities, such "official capacity" claims are redundant and serve no purpose, as the City of Farmers Branch is a party to this action. Dismissal of the "official capacity" claims against the individual Defendants would be warranted. *See Flores v. Cameron County, Texas*, 92 F.3d 258, 261 (5th Cir. 1996). The clerk of the court is **directed** to amend the docket sheet to reflect that the City of Farmers Branch is the only Defendant.

[2] The other group of Plaintiffs in this case, the Vasquez Plaintiffs, does not seek damages.

**Memorandum Opinion and Order – Page 2**

Ordinance and the . . . Ordinance." *Id*. ¶ 43. Their damages claims are pleaded as part of count two, violation of 42 U.S.C. § 1981, and count six, violation of 42 U.S.C. § 1983.

## II. Procedural Motions

The Villas Plaintiffs filed their response to Defendant's motion to dismiss on September 24, 2007. Pursuant to the local rules of the court, their response was due September 20, 2007. Defendant moves to strike the response as untimely, and Plaintiffs move for an extension of their deadline to file the brief.

While Defendant is correct that Plaintiffs' response was filed after the deadline proscribed by Local Rule 7.1(e), Defendant has had an opportunity to reply to Plaintiffs' response, and has not been legally prejudiced by the untimely filing. To grant Defendant's motion to strike would exalt form over substance. The court cautions the Villas Plaintiffs to adhere to the local rules and fully expects them to do so. Because there is no prejudice to Defendant by considering the response, the court **grants** Plaintiffs' Motion for Enlargement of Time to File Their Response to Defendant's Motion to Dismiss Villas Plaintiffs' Claims for Compensatory Damages, **denies** Defendants' Motion to Strike Plaintiffs' Response in Opposition, and **deems** Plaintiffs' response timely filed.

## III. Motion to Dismiss

### A. Legal Standard

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a]

**Memorandum Opinion and Order – Page 3**

court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

B.  Analysis

The parties dispute whether Plaintiffs are entitled to compensatory damages resulting from the passage of the Ordinance and its earlier iterations[3] despite the fact that the Ordinance never went into effect and has never been enforced.  Defendant argues that Plaintiffs have failed to state a claim for damages and that their damages claims must be dismissed because they are speculative and are premised upon the effectuation or enforcement of the Ordinance, neither of which has occurred.  Plaintiffs argue that they have incurred injury from the passage of the Ordinance, that enforcement of the Ordinance is not required for their damages claims, and that their damages were foreseeable in light of the City's enactment of the Ordinance.

Regardless of the facts set forth by Plaintiffs, the court moves directly to the question of whether such a claim for compensatory damages can be sustained as a matter of law.  While both sides cite a variety of cases, the court turns first to the recent holding from the Fifth Circuit Court of Appeals, which is mandatory authority on this court.  That court recently affirmed a district court's "implicit" finding that appellants' damage claims were without merit where "the record contains no evidence that any of the appellants . . . were ever cited, arrested, or subject to actual or threatened physical force." *Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas*, 421 F.3d 314, 320 (5th Cir. 2005).  A district court in this circuit has also reached the same conclusion that an unenforced ordinance cannot give rise to compensatory damages:  "Nor need the Parish worry about compensatory damages, since it never enforced the ordinance against the [Plaintiffs]." *Vaughn v. St. Helena Parish Police Jury*, 261 F. Supp. 2d 553, 558-59 (M.D. La. 2002), *aff'd*, 82 Fed. Appx. 105 (5th Cir. 2003).

---

[3] For the sake of simplicity, the court refers to the "Ordinance" throughout this order.  The court intends the word to encompass both Ordinance 2903 and its earlier versions, none of which ever became effective or has been enforced.

**Memorandum Opinion and Order – Page 5**

Defendant also cites two Eleventh Circuit cases supporting its position that a never-enforced ordinance cannot give rise to a claim for compensatory damages. In *DA Mortgage, Inc. v. City of Miami Beach*, the court held that a nightclub owner challenging the constitutionality of a county noise ordinance could not recover damages for "threatened" harm. 486 F.3d 1254, 1260 (11th Cir. 2007) ("[Plaintiff] appears to have based its claim for damages on the *threat* that the City might prosecute it for violations of the County noise ordinance. Plaintiffs cannot bring prospective damages under 42 U.S.C. § 1983, however.") (emphasis added)); *see also Tanner Advertising Group v. Fayette County*, 451 F.3d 777, 786 (11th Cir. 2006) ("[Plaintiff] is not entitled to damages for the facial challenges of provisions of 1998 Sign Ordinance because those provisions have not yet harmed [plaintiff]. Whatever the constitutional basis for § 1983 liability, such damages must always be designed to compensate injuries caused by the constitutional deprivation.") (internal citations and quotations omitted)).

The conclusion that a never-enforced ordinance does not give rise to damages is consistent with the Supreme Court's decisions regarding damages in section 1983 cases. "[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries *caused by* the deprivation of constitutional rights. . . . Rights, constitutional and otherwise, do not exist in a vacuum." *Carey v. Piphus*, 435 U.S. 254 (1978) (emphasis added). The injunction of the Ordinance prevented the deprivation of rights as alleged by Plaintiffs. That the Ordinance never went into effect or was enforced necessarily means that Plaintiffs were never harmed by it or actually suffered any constitutional deprivation; thus there can be no causal link between the deprivation of a constitutional right and any injury.

The City argues that "[n]o cases can be found to support Plaintiffs' contention that compensatory damages should be awarded despite the preclusion of enforcement of the allegedly

**Memorandum Opinion and Order – Page 6**

unconstitutional ordinance." Def. Brief 10. The court, having also researched this issue, concludes that Defendant is largely correct. It appears that no court in this circuit has ever awarded compensatory damages to a plaintiff who has successfully enjoined the effectuation and enforcement of an ordinance. The City has never taken any action against a landlord or tenant to enforce the Ordinance, and therefore none has been affected by any action of the City with regard to the Ordinance.

Plaintiffs argue that the enactment of the Ordinance is sufficient to trigger their damages claims. The court disagrees. The only case cited by Plaintiffs that directly supports their position is a district court opinion from the Eastern District of Wisconsin. *Clarkson v. Town of Florence*, 198 F. Supp. 2d 997 (E.D. Wisc. 2002). This court determines that while the court in *Clarkson* did find that damages might be available to a plaintiff based upon the enactment alone of an unconstitutional ordinance, this decision conflicts with the Fifth and Eleventh Circuit opinions described above, and the court must follow the holdings of the Fifth Circuit. The court considers the result in *Clarkson* to be an aberration, as it has not been cited by any court for the purpose advanced by Plaintiffs, and thus has no utility to the present case.

The other cases cited by Plaintiffs are also distinguishable. As the City points out, two other Eleventh Circuit cases cited by Plaintiffs involve damages awarded for alleged injuries caused by ordinances that went into effect or were enforced. *See Wheeler v. City of Pleasant Grove*, 896 F.2d 1347, 1349-50 (11th Cir. 1990) (temporary taking of property); *Watseka v. Illinois Public Action Council*, 796 F.2d 1547, 1549 (11th Cir. 1986) (ordinance enforced against group seeking to conduct a political canvass). These cases actually support the City's position that damages are only available for injuries that flow from a constitutional injury and the court's position that damages are not available as the Ordinance never went into effect or was enforced. Plaintiffs also attempt to

**Memorandum Opinion and Order – Page 7**

distinguish *Brazos Valley* and *DA Mortgage*, arguing that in those cases, the plaintiffs failed to allege injury caused by the enactment of the ordinance in question. The court, however, finds these two cases applicable to this case. In those cases, as here, the governmental entity never took any action to enforce the ordinance in question. The damages claims were based upon the threat of enforcement, and the Eleventh Circuit squarely rejected that position. While prospective tenants may have chosen to rent outside of Farmers Branch because the threat of the Ordinance loomed, Plaintiffs cannot argue that Farmers Branch ever enforced the Ordinance against them or any other landlord or prospective tenant. Finally, both parties cite certain Texas cases relating to a court's ability to enjoin municipal annexation ordinances. The court determines that these cases are inapplicable, because they discuss the appropriateness of equitable or injunctive relief, not damages.

The City of Farmers Branch has not caused any damage to Plaintiffs because the Ordinance never went into effect and was never enforced. Plaintiffs successfully temporarily restrained and later preliminarily enjoined the effectuation and enforcement of the Ordinance. Their success precludes them from claiming compensatory damages, because they have enjoined the acts by the City that might have given rise to a damages claim. Accordingly, the court determines that the Villas Plaintiffs' compensatory damages claims fail as a matter of law. Defendant is therefore entitled to dismissal of Plaintiffs' compensatory damages claims.

## IV. Conclusion

For the foregoing reasons, the Villas Plaintiffs have failed to state a claim upon which relief can be granted regarding their claims for compensatory damages. Accordingly, the court **grants** Defendants' Motion to Dismiss Villas Plaintiffs' Claims for Compensatory Damages, **denies** Defendants' Motion to Strike Plaintiffs' Response in Opposition, and **grants** Plaintiffs' Motion for Enlargement of Time to File Their Response to Defendant's Motion to Dismiss Villas Plaintiffs'

Claims for Compensatory Damages. The Villas Plaintiffs' claims for compensatory damages are **dismissed with prejudice**.

**It is so ordered** this 11th day of December, 2007.

_____
Sam A. Lindsay
United States District Judge