IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VILLAS AT PARKSIDE PARTNERS** d/b/a **VILLAS AT PARKSIDE, et al.**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:06-CV-2371-L** (consolidated with CA No. 3:06-CV-2376-L |
| **THE CITY OF FARMERS BRANCH**, | § § | and CA No. 3:07-CV-0061-L) |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Leave to File Defendant's Original Counterclaim for Declaratory Judgment, filed January 28, 2008. After carefully considering the motion, responses, reply, record, and applicable law, the court **denies** Defendant's Motion for Leave to File Defendant's Original Counterclaim for Declaratory Judgment.

**I.     Procedural and Factual Background**

This case involves a challenge to Ordinance 2903 (the "Ordinance"), an ordinance enacted by the City of Farmers Branch, Texas, approved by the voters of Farmers Branch, and preliminarily enjoined by the court. The court has set out the factual and procedural background of the Ordinance and its history in its May 21, 2007 Memorandum Opinion and Order Granting Temporary Restraining Order and its June 19, 2007 Memorandum Opinion and Order Granting Preliminary Injunction. Rather than repeat that background, the court incorporates the factual and procedural background in those orders and assumes that the parties have the necessary familiarity with the history of this litigation.

On January 22, 2008, the city passed Ordinance 2952 (the "New Ordinance"). The New Ordinance is titled "An ordinance providing for residential occupancy licenses; providing for verification of aliens' immigration status with the federal government consistent with federal law; creating offenses; providing for enforcement; providing for judicial review; providing a penalty; providing a severability clause; and providing an effective date." The New Ordinance "shall become effective on the 15th day after the date on which a final and appealable judgment is rendered by" the court in this case. New Ord. § 7.

The New Ordinance requires that every tenant in Farmers Branch obtain a "residential occupancy license" prior to renting or leasing a single-family residence or apartment. New Ord. §§ 1, 2. Each occupant must obtain his or her residential occupancy license, to be issued by the city's building inspector. *Id.* The New Ordinance makes it an offense for any person to occupy a leased or rented single-family residence or apartment without first obtaining a residential occupancy license. *Id.* Upon granting a license to an individual who does not declare himself or herself as a citizen or national of the United States, the building inspector is required to verify with the federal government that the individual is "lawfully present" in the United States. *Id.* If the federal government determines that an individual is not lawfully present, the building inspector is to send the individual a "deficiency notice," stating that within sixty days he or she must obtain a correction of the federal government's records or provide additional information to establish that he or she is lawfully present in the United States. *Id.* After sixty days, the building inspector may make an additional inquiry to the federal government, and if the individual is reported as not lawfully present in the United States, the building inspector "shall send a revocation notice to both the occupant and

the lessor." *Id.* This notice revokes the residential occupancy license of the individual effective fifteen days after the revocation notice. *Id.*

Less than a week after adopting the New Ordinance, the city sought leave to file a counterclaim[1] seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that the New Ordinance is "constitutional and valid under applicable law and will be, upon its taking effect, enforceable." Proposed Def.'s Orig. Countercl. for Decl. J., Prayer ¶ 1. Plaintiffs oppose this request.

## II. Legal Standard

Defendant's motion is made pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, which provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).[2] "While the text of Rule 15(a)

---

[1] Defendant's motion consists of four paragraphs without a single citation to any of the Federal Rules of Civil Procedure or the local rules of this district. Defendant did not cite any case law in support of its motion, and its legal argument was limited to a statement that the "[m]otion is filed at a time when its granting will not result in prejudice to Plaintiffs." Def.'s Mot. 2, ¶ 4. As the Vasquez Plaintiffs point out, this motion violates Local Rule 7.1(d): "[a]n opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities . . . ." Defendant did cite authorities and respond to Plaintiffs' arguments in its reply; however, in general, "[a]rguments raised for the first time in a reply brief . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005). Despite this general rule, the court will consider the arguments and authorities cited in Defendant's reply.

[2] The Villas Plaintiffs argue that it is Rule 15(d) that applies, and Defendant apparently agrees. Def. Reply 4, ¶ 6. The court believes that the standards of Rule 13(e), which more specifically apply to this situation, may apply. Rule 13(e) of the Federal Rules of Civil Procedure states that the court "may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). At least one panel in this circuit has held that the standard under Rule 13(e) is the same as the standard under Rule 15(a). *Phillips Petroleum Co. v. Loucks*, 42 F.3d 641, 1994 WL 708633, *5 n.14 (5th Cir. 1994) ("We have found no reason why Rule 13(e) should alter the general standard for motions to amend an answer."). Under Rule 15(a), the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the amendment is considered pursuant to the standard of Rule 15(a), the court should look to look to the familiar standard from *Foman v. Davis*:

> In the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should,

provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide. Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (emphasis in original). There is little guidance from this circuit regarding the standard for deciding when leave is appropriate pursuant to Rule 15(d). Other courts

> occasionally have denied leave to file supplemental pleadings and they have done so for a variety of reasons. For example, a motion under Rule 15(d) has been denied because the claim or defense asserted in the supplemental pleading bore little or no relationship to the original pleading. . . . Undue or further delay of the action when the other parties are prepared to proceed to a determination of the original action also has been put forward to justify a denial of leave to file a supplemental pleading.

Wright, Miller & Kane, 6A Fed. Prac. & Proc. Civ. 2d § 1510 (footnotes omitted).

### III. Analysis

Defendant argues that Plaintiffs will not be prejudiced if the court grants it leave to file a supplemental counterclaim for a declaratory judgment. The Villas Plaintiffs contend that the city's proposed counterclaim is not ripe, that the court lacks jurisdiction, that the counterclaim is not a "case" or "controversy" as required by Article III, section 2 of the Constitution, and that it would be subject to dismissal for failure to join indispensable parties. The Vasquez Plaintiffs argue that leave should not be granted because the court lacks subject matter jurisdiction over the counterclaim and the proposed counterclaim infringes upon their First Amendment rights.

---

as the rules require, be "freely given."

371 U.S. 178, 182 (1962). Regardless of which standard applies, under either Rule 15(d) or 13(e), the court determines that the motion should be denied.

**Memorandum Opinion and Order – Page 4**

The court turns first to Plaintiffs' argument that leave to amend should be denied because the city seeks an advisory opinion and the court, therefore, lacks jurisdiction. This limitation on the court's judicial power is firmly established in American jurisprudence:

> [J]udicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction. The right to declare a law unconstitutional arises because an act of Congress relied upon by one or the other of such parties in determining their rights is in conflict with the fundamental law. The exercise of this, the most important and delicate duty of this court, is not given to it as a body with revisory power over the action of Congress, but because the rights of litigants in justiciable controversies require the court to choose between the fundamental law and a law purporting to be enacted within constitutional authority, but in fact beyond the power delegated to the legislative branch of the government. This attempt to obtain a judicial declaration of the validity of the act of Congress is not presented in a 'case' or 'controversy,' to which, under the Constitution of the United States, the judicial power alone extends.

*Muskrat v. United States*, 219 U.S. 346, 361 (1911); *see also Hayburn's Case*, 2 U.S. 408 (1792). The Declaratory Judgment Act also requires an "actual controversy" between the parties before a federal court may exercise its jurisdiction. 28 U.S.C. § 2201(a); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). The standard under Article III "is identical to the actual controversy requirement under the Declaratory Judgment Act." *Texas v. West Publ'g Co.*, 882 F.2d 171, 175 (5th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990). A district court lacks subject matter jurisdiction to issue a declaratory action pursuant to 28 U.S.C. § 2201(a) unless an actual controversy exists. *Id.*; *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

As long as the parties' dispute remains academic, instead of grounded in a specific and concrete threat, there is nothing upon which this court may pass judgment, since "[f]ederal courts do not render advisory opinions." *Orix Credit Alliance*, 212 F.3d at 898 (quoting *Life Partners, Inc.*

**Memorandum Opinion and Order – Page 5**

*v. Life Ins. Co. of N. Am.*, 203 F.3d 324, 325 (5th Cir.1999)). It is not the function of district courts "to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 666 (5th Cir. 1967) (citation and quotation omitted). Attempts to use the Declaratory Judgment Act to obtain an advisory opinion have been rejected by the Court: "The declaratory judgment procedure is available in the federal courts only in cases involving an actual case or controversy, where the issue is actual and adversary, and it may not be made the medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945) (internal citations omitted). The refusal to provide advisory opinions is even greater in cases seeking a determination of the constitutionality of a law. *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346-47 (1936). The city replies that the dispute is not hypothetical because the New Ordinance will become effective upon the court's entering judgment in this case, that Plaintiffs have publicly avowed to contest the constitutionality of it, and that the if the court cannot consider its counterclaim, it is also without power to consider Plaintiffs' claims. Defendant attempts to distinguish some of the cases cited by Plaintiffs by arguing that they involved situations where there was no real concern about the effect of the legislation, while in this case, "Plaintiffs' and Defendant's interests are directly adverse and are in dispute." Def.'s Reply 9.

The court first considers the context in which Defendant makes this request. The Ordinance was challenged by Plaintiffs, and the court granted a temporary restraining order preventing it from going into effect or from being enforced. At the preliminary injunction hearing, the city offered three alternatives under the Ordinance's savings clause to try to salvage it and prevent the court from preliminarily enjoining it. In supplemental briefing, the city provided a fourth alternative. The court

has therefore already held, at least as a preliminary matter, that five different versions of the Ordinance violate the United States Constitution. After the court ordered the parties to file dispositive motions, the City Council passed the New Ordinance, and the city now asks the court to judicially declare that this legislation is not repugnant to the United States Constitution prior to it being challenged in court or even going into effect. Given the numerous attempts to rewrite the Ordinance, the New Ordinance is yet another attempt to circumvent the court's prior rulings and further an agenda that runs afoul of the United States Constitution. This motion is the city's latest attempt to get the court to accept *some* version of the Ordinance as a legitimate scheme to regulate immigration.

In contrast, in a typical lawsuit involving the constitutionality of a piece of legislation, the local or state government passes a law, and some person or group files a lawsuit arguing that the recently-enacted law violates some provision of the United States Constitution and seeks an injunction to prevent the enforcement of that law. Here, Farmers Branch has "put the cart before the horse." No person has sued. The court is in no position to anticipate the challenges that might be made to the New Ordinance. The parties to litigation, not the court, shape the issues. The court merely makes legal determinations as to the issues raised by the parties.

Regardless of when a plaintiff's claims would become ripe to challenge the New Ordinance, the court is troubled by what appears to be the city's desire to find an end run around the injunction and seek an advance ruling on the constitutionality of the New Ordinance. The court has never encountered the procedural posture urged by Defendant; the city's attempt to inject the New Ordinance into this litigation via a counterclaim for declaratory action would effectively transform this case into one involving an actual controversy over the Ordinance into a case about the not-yet-

effective New Ordinance.  If the court were to allow the city's request, it would open a Pandora's box and invite every local government to seek a court's judicial blessing on an ordinance by giving it a prospective effective date and filing legal action to obtain an advisory opinion on the constitutionality of the ordinance before it went into effect.  The court does not act as legal counsel to litigants or prospective litigants to a lawsuit; it is charged with deciding actual cases and controversies.  The court has found no legal authority for Defendant's proposition, and the city has cited none.

The court determines that the city's motion is a request for the quintessential advisory opinion.  The court therefore lacks jurisdiction to consider its claim.  In the claims already before the court, Plaintiffs asserted that the Ordinance becoming effective would have an immediate and concrete effect on their rights.  The *pending* claims therefore involve a live and actual controversy between the parties.  Not only has the New Ordinance not gone into effect, but a contingent event that will trigger its effective date has not occurred.  While one attorney representing the Villas Plaintiffs has stated publicly that he intends to challenge the New Ordinance, no lawsuit has been filed on behalf of any individual or entity to enjoin the New Ordinance or to challenge its constitutionality.  At this juncture, such a lawsuit would be premature as there are outstanding claims to be resolved regarding the Ordinance.

The city is not entitled to a judicial declaration that the New Ordinance is constitutional. The Supreme Court has made clear that federal courts are not to provide prospective assurance that statutes pass constitutional muster; rather, courts consider the constitutionality of laws when presented with an actual case or controversy.  Until the New Ordinance goes into effect and the city is in an actual dispute with another party regarding its constitutionality, the court can provide

nothing more than an advisory opinion. This the court cannot and will not do. Because the court determines that Defendant seeks an advisory opinion, it lacks jurisdiction to entertain the city's proposed counterclaim. The court therefore does not consider the other arguments made by Plaintiffs.

Even if the court could consider the city's request for a declaratory judgment, the legal issues raised by the New Ordinance are quite distinct from the issues in this case, and the motion for leave would be denied for that reason. While it appears that both ordinances are aimed at regulating the occupation of rental properties in the City of Farmers Branch by persons not lawfully present in this country, there are substantial differences between them. The Ordinance puts a burden on landlords to determine the immigration status of their tenants; the New Ordinance requires involvement by the city's building inspector and the federal government. The New Ordinance creates a new license that must be obtained by every tenant of a single-family residence or apartment in the city; the Ordinance applies only to certain multi-unit apartment buildings. The Ordinance defines certain terms by reference to regulations promulgated by the United States Department of Housing and Urban Development; the New Ordinance relies upon the federal government to make the determination whether an individual is lawfully present in the United States. These differences will require, to a large extent, an entirely different legal analysis than that already conducted by the court with respect to the constitutionality of the Ordinance as applied to Plaintiffs. Thus the court could decide to deny leave because the proposed counterclaim bears little relationship to the original pleading.

Alternatively, leave could be denied because allowing the proposed counterclaim would unduly delay the resolution of this case. Motions for summary judgment are pending that may

conclude this case. Granting leave to allow the city to file its counterclaim would indefinitely and unnecessarily delay the court's ultimate resolution of Plaintiff's claims regarding Ordinance 2903.

## IV. Conclusion

For the reasons stated herein, the court **denies** Defendant's Motion for Leave to File Defendant's Original Counterclaim for Declaratory Judgment because the city seeks an advisory opinion on the constitutionality of the New Ordinance, and the court therefore lacks jurisdiction to consider Defendant's proposed counterclaim.

**It is so ordered** this 28th day of May, 2008.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge