IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VILLAS AT PARKSIDE PARTNERS | § | |
| d/b/a VILLAS AT PARKSIDE, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-2371-L** |
| | § | (consolidated with CA No. 3:06-CV-2376-L |
| THE CITY OF FARMERS BRANCH, | § | and CA No. 3:07-CV-0061-L) |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendant's Motion for Summary Judgment, filed February 22, 2008; and (2) Vasquez Plaintiffs'[1] Motion for Certification of Partial Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b), filed June 6, 2008. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Defendant's Motion for Summary Judgment and **denies** Vasquez Plaintiffs' Motion for Certification of Partial Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).

**I.      Procedural History**

The City of Farmers Branch adopted Ordinance 2903 (the "Ordinance") on January 22, 2007. The Ordinance was the second iteration of a law originally adopted by the City Council on November 13, 2006, Ordinance 2892. A state court issued a temporary restraining order enjoining implementation of Ordinance 2892 on January 9, 2007, finding that it "may have been approved and adopted in violation of the Texas Open Meetings Act." Thereafter, the City Council repealed

_____

[1]The Villas Plaintiffs are the owners and operators of apartment complexes in Farmers Branch. The Vasquez Plaintiffs include residents of apartment complexes in Farmers Branch as well as the owners and managers of apartment complexes in the city.

Ordinance 2892 and adopted the Ordinance. The Ordinance called for an election to allow the voters

of Farmers Branch to vote for or against it. Ordinance (hereinafter, "Ord.") § 5.

On May 12, 2007, the voters of Farmers Branch approved the Ordinance by a margin of

4,058 "for," and 1,941 "against." The Ordinance was to go into effect May 22, 2007. *Id*. § 7. On

May 21, 2007, however, the court granted Plaintiffs' applications for temporary restraining order,

temporarily enjoining the enforcement of the Ordinance and preventing the Ordinance from going

into effect. *See* Mem. Op. and Order Granting TRO (May 21, 2007). The court held a preliminary

injunction hearing on June 5, 2007, extended the temporary restraining order with the parties'

consent until June 19, 2007, and granted Plaintiffs' requests for a preliminary injunction on June 19,

2007.

The court held a telephone conference with the parties on July 31, 2007. After

representations from the parties, the court issued an order allowing Defendant to file a motion "on

the issue of damages and whether the Villas Plaintiffs are entitled to compensatory damages based

upon the circumstances of this case." Order (July 31, 2007). The city then filed a motion to dismiss

the Villas Plaintiffs' claims for compensatory damages. On December 11, 2007, the court granted

the motion and dismissed with prejudice the claims for compensatory damages.[2]

The court then issued an order allowing the parties to file dispositive motions. The order

stated: "in a prior telephonic conference with the court, the parties all acknowledged that only legal

issues remain in this case and there are no factual disputes to resolve." Order (Dec. 27, 2007).

Plaintiffs filed a joint motion for partial summary judgment, seeking the entry of judgment on their

claims that the Ordinance is preempted by federal law and that the Ordinance violates the Due

---

[2]The Villas Plaintiffs requested monetary damages only in their claims made pursuant to 42 U.S.C. §§ 1981 and 1983. The Vasquez Plaintiffs did not request monetary damages.

Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant filed a

motion for summary judgment on all of Plaintiffs' claims.

On May 28, 2008, the court denied Defendant's Motion for Leave to File Defendant's

Original Counterclaim for Declaratory Judgment. Defendant asked the court to allow it to file a

counterclaim seeking a declaration that City of Farmers Branch Ordinance 2952 (the "New

Ordinance") is constitutional and will be enforceable. The New Ordinance, which the City passed

on January 22, 2008, becomes effective "on the 15th day after the date on which a final and

appealable judgment is rendered by" the court in this case. New Ord. § 7. The court denied

Defendant leave to file its counterclaim, finding that Defendant sought an advisory opinion and its

request was premature. The court also held that the legal issues raised by the New Ordinance are

distinct from the issues involved in this case and the proposed pleading would therefore bear little

relationship to the pending claims.[3]

---

[3]The court held:

> While it appears that both ordinances are aimed at regulating the occupation of
> rental properties in the City of Farmers Branch by persons not lawfully present in
> this country, there are substantial differences between them. The Ordinance puts
> a burden on landlords to determine the immigration status of their tenants; the New
> Ordinance requires involvement by the city's building inspector and the federal
> government. The New Ordinance creates a new license that must be obtained by
> every tenant of a single-family residence or apartment in the city; the Ordinance
> applies only to certain multi-unit apartment buildings. The Ordinance defines
> certain terms by reference to regulations promulgated by the United States
> Department of Housing and Urban Development; the New Ordinance relies upon
> the federal government to make the determination whether an individual is lawfully
> present in the United States. These differences will require, to a large extent, an
> entirely different legal analysis than that already conducted by the court with
> respect to the constitutionality of the Ordinance as applied to Plaintiffs.

Mem. Order and Op. (May 28, 2008) (doc. 152), 9. The court is unlikely to entertain any attempt to piggyback
challenges to the New Ordinance onto this litigation, given its view that the legal issues are distinct and therefore fodder
for a separate lawsuit.

On the same day, the court granted Plaintiffs' motion for partial summary judgment, but deferred ruling on Defendant's motion for summary judgment. The court issued a permanent injunction that permanently enjoins and prohibits Defendant from "effectuating or enforcing Ordinance 2903." Mem. Op. and Order Granting Permanent Inj. (May 28, 2008), 35. The court thereafter held a telephone conference with the parties regarding whether it was appropriate to enter judgment. The parties disagreed, and the court allowed the parties to brief the issue of "Plaintiffs' remaining claims and whether it is appropriate to enter judgment in this case." Order (May 29, 2008).

The Vasquez Plaintiffs subsequently filed their motion to certify a partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Villas Plaintiffs filed a brief opposing the entry of final judgment. Defendant filed its brief supporting the entry of final judgment on all claims. The court now considers these three positions and determines whether the entry of final judgment is appropriate.

## II.    Motion for Certification of Partial Final Judgment

### A.    Parties' Contentions

The Vasquez Plaintiffs argue that the court should enter partial final judgment on their claims that the Ordinance is preempted and that it violates the Due Process Clause of the Fourteenth Amendment and preserve jurisdiction over their remaining claims.[4] They ask the court to certify a partial final judgment pursuant to Rule 54(b) because the adjudicated claims are distinguishable

---

[4]The Vasquez Plaintiffs' remaining claims include violation of the Equal Protection Clause of the Fourteenth Amendment, the Contracts Clause, and the First Amendment to the United States Constitution, and violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and 42 U.S.C. § 1981. *See* First Am. Compl. for Decl. and Inj. Relief (Mar. 22, 2007). They also contend that there are some claims regarding violation of the Due Process Clause of the Fourteenth Amendment that remain unadjudicated.

from their remaining claims and there is no reason to delay entry of a partial final judgment. They

also argue that reserving jurisdiction over the remaining claims will allow the court to preserve

judicial resources while allowing Plaintiffs the opportunity to litigate their claims expeditiously.

The Villas Plaintiffs oppose entry of a partial final judgment. They contend that the

remaining claims[5] are still in dispute and may provide additional relief and that all claims should be

adjudicated before judgment is entered to avoid piecemeal litigation. They argue that their

remaining claims are not moot. Specifically, they contend that Defendant has an "ongoing,

discriminatory scheme to adopt unconstitutional licensing laws . . . to adversely affect" them. Villas

Pls.' Brief 2. They argue that this scheme will not be addressed unless the court "retains

jurisdiction, declares such efforts as unconstitutional violations of the Equal Protection Clause, and

issues appropriate declaratory and equitable relief." *Id*. at 3. They contend that a live controversy

exists because Defendant has adopted another ordinance.[6] They also argue that the court has the

power to issue additional remedial orders regarding their claims that Defendant has violated the

Equal Protection Clause of the Fourteenth Amendment and section 1981 and that they will ask the

court to:

> (1) declar[e] that the City adopted Ordinance 2903 for the unlawful
> purpose of discriminating against Hispanics; (2) enjoin[] the City
> from enacting, effectuating, or enforcing any lease-related licensing
> ordinances [that] address citizenship or immigration status without
> making, recording, and retaining factual findings concerning the
> problem to be resolved and considering available alternatives; and (3)
> requir[e] the City to take affirmative steps to remedy past

---

[5]The Villas Plaintiffs also assert claims pursuant to 42 U.S.C. § 1981 and for violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983, and Section 214.903 of the Texas Local Government Code. *See* Second Am. Compl. (Mar. 9, 2007).

[6]The Villas Plaintiffs opposed Defendant's motion to file a counterclaim seeking a declaratory judgment on Ordinance 2952.

discrimination, such as publishing statements in a newspaper or newspapers of general circulation, and on its official website, that Farmers Branch welcomes minority – and especially Hispanic – renters.

*Id.* at 4-5. Finally, they argue that considering all of Plaintiffs' claims will allow for a complete factual record for appeal and will protect them if the injunction is overturned. They contend that there is no prejudice to Defendant because it may seek an interlocutory appeal of the court's permanent injunction.

The City of Farmers Branch argues that final judgment on all of Plaintiffs' claims is appropriate because they have been awarded all the relief sought in their pleadings. It contends that Plaintiffs have waived their additional theories of relief because they did not move for summary judgment on the unadjudicated claims and that they should not be entitled to piecemeal resolution of their claims by filing seriatim summary judgment motions. Defendant also argues that Plaintiffs have been awarded all relief they sought in their complaints, that is: a declaration that the Ordinance is unconstitutional; a permanent injunction against the enforcement of the Ordinance; and costs and attorney's fees. The City argues that the additional relief outlined in the Villas Plaintiffs' brief can be found nowhere in their pleadings. It contends that evaluation of the remaining claims will only increase the parties' expenses and waste judicial resources with no practical effect or additional relief. Defendant also asks the court to decline supplemental jurisdiction over the Villas Plaintiffs' state law claim for violation of section 214.903 of the Texas Local Government Code.

The City also opposes the certification of a partial final judgment pursuant to Rule 54(b). It contends that the remaining claims are not "distinct and severable" because they seek the same relief that has already been granted by the court. Accordingly, the City asks the court to enter a final judgment on all claims.

**B.** **Analysis**

The court has reviewed Plaintiffs' pleadings, the parties' arguments, and the case law cited by the parties and determines that the entry of final judgment is appropriate. The court ordered the parties to file dispositive motions based upon their representations that once the claims for compensatory damages had been removed from the case only legal issues remained. The court has awarded all of the relief that was requested in Plaintiffs' complaints, except compensatory damages, and the additional time and resources required to consider the remaining claims are unwarranted given the court's entry of a permanent injunction prohibiting the effectuation or enforcement of Ordinance 2903 and declaration that the Ordinance is unconstitutional.

Plaintiffs made a strategic decision to move for partial summary judgment in light of the court's order setting a dispositive motions deadline. The local rules of the court limit a party to a single summary judgment motion. *See* Local Rule 56.2. Plaintiffs elected to file a partial motion for summary judgment to address only those claims that the court had already ruled upon; the decision was theirs. Defendant, on the other hand, moved for summary judgment on all of Plaintiffs' claims. In light of the ruling the court makes herein, it determines that additional dispositive motions and discovery are unnecessary.

Even if the court were to allow Plaintiffs to litigate their remaining claims, there is simply no reason to expend the resources of the parties or the court when Plaintiffs have been, or will be, granted all relief to which they are legally entitled. The Villas Plaintiffs' prayer for relief in their live pleading includes none of the remedial relief they contend the court should now grant.[7] The

---

[7]The Villas Plaintiffs requested:

 1.      A declaration invaliding the . . . Ordinance as unconstitutional and otherwise contrary to applicable federal and state law;

Vasquez Plaintiffs also do not seek relief beyond that the court has already ordered.[8]  The Villas

Plaintiffs point to their sixth request, a catch-all request for "[a]ny other relief . . . which this Court

deems just and proper."  They argue that their complaint addresses Ordinance 2892 and a resolution

regarding the use of the English language.  They contend that they will request a declaration that the

Ordinance was adopted for the unlawful purpose of discriminating against Hispanics and remedial

relief for past discrimination.

These requests can be found nowhere in their pleadings, and while their complaint refers to

other actions of the Farmers Branch City Council, it is without cavil that their request for relief

focuses exclusively upon relief relating to the Ordinance.  The court held:

> Because Farmers Branch has attempted to regulate immigration
> differently from the federal government, the Ordinance is preempted
> by the Supremacy Clause.  The city's attempts to save the Ordinance
> fail because the proposed revisions would require the court to engage
> in the legislative function of redrafting the Ordinance.  Even if

---

2.    A permanent injunction prohibiting the enforcement or threatened enforcement of the . . . Ordinance;
3.    An award of money damages;
4.    An award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) and any other applicable statute;
5.    Costs of Court; and
6.    Any other relief, at law or in equity, to which plaintiffs may be entitled and which this Court deems just and proper.

Pls.' Second Amend. Compl. (Mar. 9, 2007), 22.

[8]The Vasquez Plaintiffs requested:

(i)      A declaratory judgment pursuant to 28 U.S.C. §§ 2291 and 2202 declaring the Ordinance void because it violates numerous provisions of the United States Constitution and various other federal laws as set forth herein;
(ii)     A temporary restraining order and a preliminary and/or permanent injunction pursuant to Fed. R. Civ. P. 65 prohibiting Defendant and its officials, employees and agents from implementing or enforcing the Ordinance;
(iii)    An order awarding plaintiffs costs and attorneys' fees, pursuant to the statutes cited herein, 42 U.S.C. § 1988, and any other applicable law;
(iv)     Such other and further relief as this court deems just and proper.

First Amend. Compl. for Decl. and Inj. Relief (March 22, 2007), 15-16.

**Memorandum Opinion and Order – Page 8**

> sections or phrases of the Ordinance could be severed, the Ordinance
> would suffer from the same– if not worse– vagueness problems.

Mem. Op. and Order Granting Permanent Inj., 34.  The court went on to "**order**[] that the City of

Farmers Branch, Texas, and its officers, agents, servants, employees, representatives, and attorneys,

**are hereby permanently enjoined and prohibited from effectuating or enforcing Ordinance**

**2903.**" *Id*. at 35 (original emphasis).

The court has declared the Ordinance unconstitutional and permanently enjoined its

effectuation and enforcement.  While the court has not awarded costs or attorney's fees, Plaintiffs

are entitled to make an application for attorney's fees postjudgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure, and the court will address costs in its judgment.  While both

groups of Plaintiffs have included a catch-all request for relief, there is no specific relief requested

that has not been awarded, except the Villas Plaintiffs' claims for compensatory damages, which the

court rejected.  In other words, all relief to which Plaintiffs are entitled has been granted, or will be

addressed as earlier stated in this paragraph.

Accordingly, the court determines that it is not required to allow Plaintiffs to litigate their

remaining claims.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 ("In the declaratory judgment

context, the normal principle that federal courts should adjudicate claims within their jurisdiction

yields to considerations of practicality and wise judicial administration."); *Sherwin-Williams Co.*

*v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) ("The Declaratory Judgment Act has been

understood to confer on federal courts unique and substantial discretion in deciding whether to

declare the rights of litigants.") (quoting *Wilton*, 515 U.S. at 286)).  Plaintiffs have not pointed to

any authority to support their contention that they are entitled to litigate each and every claim after

a declaration that the Ordinance is unconstitutional and a permanent injunction.

Accordingly, the court determines that the remaining claims are moot given the relief already awarded by the court. Rather than waste the resources of the parties and the court, dismissing these claims without prejudice is the most efficient and practical use of judicial resources. Entering judgment now is appropriate because the relief sought has been awarded, denied, or will be addressed in the judgment or postjudgment. Of course, if this court's ruling is reversed by an appellate court, Plaintiffs have suffered no legal prejudice because they will be able to proceed under their other theories. Accordingly, because the court determines that the remaining claims are moot, the court **dismisses without prejudice** all of Plaintiffs' remaining claims.

## III. Motion for Summary Judgment

Defendant moved for summary judgment on all of Plaintiffs' claims. Because the court granted summary judgment to Plaintiffs on their claims that the Ordinance is preempted and that it violates the Due Process Clause of the Fourteenth Amendment, it would be legally inconsistent for the court to also find that Defendant is entitled to summary judgment on these claims. Moreover, by ruling as it has, the court necessarily has concluded that Defendant is not entitled to summary judgment on these claims. Accordingly, the court **denies** Defendant's request for summary judgment as to these claims. The court **denies as moot** Defendant's motion as to the remaining claims because they seek the same relief that has already been awarded by the court.

## IV. Villas Plaintiffs' State Claim

In the alternative, the court considers whether to exercise supplemental jurisdiction over the sole state claim, the Villas Plaintiffs' claim that Defendant violated section 214.903 of the Texas Local Government Code. There are no remaining federal causes of action. The court had jurisdiction over the Villas Plaintiffs' state law claim only through supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(a). Now that the federal law claims, the only claims over which the court had original jurisdiction, have been dismissed, the court has discretion whether to retain the remaining state law claim. 28 U.S.C. § 1367(c)(3); *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004). The relevant considerations are "judicial economy, convenience, fairness, and comity." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000). The strongest consideration here is that state courts are more familiar with, and better equipped to address, the remaining state law cause of action. The court therefore exercises its discretion and **declines** to exercise supplemental jurisdiction over the remaining state law claim. Accordingly, the court **dismisses without prejudice** the Villas Plaintiffs' state law claim of violation of section 214.903 of the Texas Local Government Code.

## V.      Conclusion

For the reasons stated herein, the court **denies** Defendant's Motion for Summary Judgment and **denies** Vasquez Plaintiffs' Motion for Certification of Partial Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b). The court **dismisses without prejudice** Plaintiffs' remaining claims. In the alternative, the court **declines** to exercise supplemental jurisdiction over the Villas Plaintiffs' state law claim and **dismisses** it **without prejudice**. Judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 29th day of August, 2008.

Sam A. Lindsay
United States District Judge